United States District Court
Middle District of Florida
Jacksonville Division

**CHRISTOPHER LOGAN SILVA,**

*Plaintiff,*

v.                                                                NO. 3:24-cv-949-MMH-PDB

**BRIAN MCNAMEE ET AL.,**

*Defendants.*

## Report and Recommendation

The plaintiff, proceeding without a lawyer, sues fifteen people to try to stop the development of an allegedly harmful vaccine by Arcturus Therapeutics, a company that develops mRNA therapeutic medicines and vaccines. Docs. 1, 1-1. Some defendants work at Arcturus or related companies; some defendants are government officials (e.g., "Secretary, Department of Health and Human Services," "Director, National Institutes of Health," and "Member of the House of Councillors" for Japan's "Minister of Health, Labour and Welfare"). Doc. 1 at 6–11. The plaintiff also applies to proceed without prepaying fees or costs. Doc. 2. The undersigned recommends dismissal without prejudice because of the absence of Article III standing to sue.

## Complaint

The plaintiff's complaint consists of a "Complaint for a Civil Case" form, six pages further explaining his claim, and a presentation by Arcturus. Docs. 1, 1-1. The presentation, dated September 2024, is titled "Next Generation

RNA Medicines." Doc. 1-1 at 1. The presentation includes information about Arcturus-owned therapeutic medicines and vaccines, Arcturus's Board of Directors, and Arcturus's strategic partners. *Id.* at 3–26.

Under "Statement of Claim," the plaintiff refers to the presentation and writes, "This document shows proof and plan of an incoming self-amplifying mRNA biologic/vaccine that has the potential to harm billions of people worldwide." Doc. 1 at 11.

The plaintiff contends the Court has federal-question jurisdiction because he sues under "50 U.S. Code § 1520a – Restrictions on use of human subjects for testing of chemical or biological agents"; "18 U.S. Code § 175 – Prohibitions with respect to biological weapons"; "Amendment IV"; "Amendment VIII"; "Amendment IX"; "Amendment X"; "United States of America v. Karl Brandt, et al."; "Biological Weapons Anti-Terrorism Act of 1989"; "Americans with Disabilities Act of 1990"; "The National Childhood Vaccine Injury Act (NCVIA) of 1986"; "Declaration of Independence, U.S."; "Basel Convention on the Control of Transboundary Movements of Hazardous Wastes and Their Disposal, Secretariat of the Basel Convention"; and "Geneva Conventions." *Id.* at 3, 10–11.

For "The Amount in Controversy," the plaintiff writes, "Operating budget for said programs. Ant [sic] Investment in people and technology. Genetic Wealth. Fund For Victims. May be in the + Billions/Trillions of Dollars." *Id.* at 4.

The plaintiff demands an "Immediate Emergency Injunction" and writes, "Given the history of mRNA biologics/vaccines, these sa-mRNA biologics/vaccines must not be developed and released." *Id.* at 11.

## Law & Analysis

Article III standing "is a threshold jurisdictional question[.]" *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 923 (11th Cir. 2020) (en banc). Under Article III, federal jurisdiction is limited to actual cases or controversies. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). To establish a case or controversy, a plaintiff must have standing to bring a claim. *Id.* at 338. To have standing to bring a claim, a plaintiff must allege facts showing he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[1] *Id.* At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Id.*

An injury in fact is the "first and foremost of standing's three elements." *Id.* (internal quotation mark, quoted authority, and alteration omitted).[2] An injury in fact is "an invasion of a legally protected interest" that is "concrete," "particularized," and "actual" or "imminent," not "conjectural" or "hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and quoted authority omitted).

Concreteness and particularity are distinct. *Spokeo*, 578 U.S. at 339. "For an injury to be particularized, it must affect the plaintiff in a personal and

---

[1]Taxpayer standing, which differs from ordinary standing, allows municipal taxpayers to challenge as unconstitutional municipal expenditures from the taxes. *Nat'l All. for Mentally Ill, St. Johns Inc. v. Bd. of Cnty. Comm'rs of St. Johns Cnty.*, 376 F.3d 1292, 1294 (11th Cir. 2004); *Pelphrey v. Cobb Cnty.*, 547 F.3d 1263, 1280 (11th Cir. 2008). "Municipal taxpayers have standing to challenge unconstitutional expenditures if their interest is 'direct and immediate.'" *Pelphrey*, 547 F.3d at 1280 (quoting *Frothingham v. Mellon*, 262 U.S. 447, 486–87 (1923)). Taxpayer standing is unavailable here because, at a minimum, the plaintiff does not sue a municipality or other local governmental entity.

[2]In the interest of judicial economy, the undersigned addresses only injury in fact.

individual way." *Id.* (internal quotation marks omitted). The "test requires more than an injury to a cognizable interest[.]" *Lujan*, 504 U.S. at 563. "[W]hen the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (internal quotation marks omitted).

A district court's discretion to dismiss a complaint without leave to amend is restricted by Rule 15(a), Federal Rules of Civil Procedure, which directs that leave to amend must be freely given when justice so requires. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Dismissal with prejudice is appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting leave to amend would be futile if the complaint as amended would still be properly dismissed. *Id.*

A dismissal for lack of jurisdiction is not a judgment on the merits and must be entered without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

The plaintiff here fails to allege facts showing Arcturus's development of an allegedly harmful vaccine has affected or will affect him in a personal and individual way. His claim is not specific to him, but, according to him, to "billions of people worldwide." *See* Doc. 1 at 11 (quoted). Because the plaintiff fails to allege facts sufficient to establish standing, the Court lacks Article III jurisdiction, and dismissal without prejudice is warranted. Based on the alleged facts, amendment would be futile.

The undersigned **recommends** dismissing the action without prejudice and directing the clerk to terminate the pending application to proceed without prepaying fees or costs, Doc. 2, and close the file.

## Objections

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on September 26, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Christopher Logan Silva
     52 Club House Drive, #108
     Palm Coast, Florida 32137